IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Ellen Andrews Maner, | ) | C/A No.: 1:12-2969-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Ellen Andrews Maner, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

1

Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB on April 27, 2009, alleging disability since June 1, 2004 due to multiple sclerosis, peripheral dysesthesia syndrome, degenerative disc disease, degenerative joint disease of the right shoulder and left knee, carpal tunnel syndrome, and high cholesterol. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on July 30, 2010. The ALJ thereafter denied plaintiff's claims in a decision issued August 27, 2010. The Appeals Council received as additional evidence medical records from Savannah Neurology Specialists dated April 27, 2011 to September 30, 2011[1] and stated: "The Administrative Law Judge decided your case through June 30, 2008, the date you were last insured for disability benefits. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits." (ECF No. 7-2, p. 3). The Appeals Council denied the plaintiff's request for review. The ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court.

---

[1] The Court has carefully reviewed the administrative record and has not been able to locate these medical records. The parties are silent on this matter and appear to both agree that the new record on which the Appeals Council decision is based is the August 1, 2012 letter which is contained in the administrative record at p. 5.

The claimant was 62 years old on the date of the hearing. She has a college degree. Her past work experience was as a school teacher. She testified that she was diagnosed with MS in 1995 but that she continued to teach school until her retirement in 1999 and that she subsequently worked as a long-term substitute teacher until 2004.

In her objections filed on June 11, 2014[2], Plaintiff asserts that "[w]hen taken together, substantial evidence does not support the ALJ's rejection of the evidence regarding Mrs. Maner's multiple impairments" (ECF No. 24, p. 2); the ALJ erred in finding that she was not credible; the ALJ failed to apply SSR 02-01p in evaluating the severity of her obesity; and the Appeals Council erred in failing to evaluate new evidence and/or in failing to follow the treating physician rule.

Under the Social Security Act, the plaintiff's eligibility for the benefits she is seeking hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id.* at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental

---

[2] Plaintiff filed her objections one day after the deadline due to a clerical error, but the defendant indicates that she does not object to the Court considering them. *See* ECF No. 28. Accordingly, the Court will consider the objections as if they were timely filed.

3

impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

> The ALJ made the following findings in this case:
>
> 1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2008.
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of June 1, 2004, through her date last insured of June 30, 2008. (20 CFR 404.1571 *et. seq.*).
> 3. Through the date last insured, the claimant has the following severe impairments: multiple sclerosis; peripheral dysesthesia syndrome, degenerative disc disease; degenerative joint disease of the right shoulder and left knee; and carpal tunnel syndrome

> (20 CFR 404.1520 (c)).
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
> 5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant must also be able to sit and stand at will. She could occasionally reach overhead with her right upper extremities and she could frequently handle and finger bilaterally. However, she could never climb ladders, ropes, or scaffolds and she could have no exposure to workplace hazards. climb ramps and stairs, and could frequently balance, stoop, kneel, crouch, and crawl. She was limited to frequent overhead lifting on the left. She required avoidance of concentrated exposure to extreme cold and heat.
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a teacher. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 1, 2004, the alleged onset date, through June 30, 2008, the date last insured (20 CFR 404.1520(f)).

(Tr. 19-27).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On May 8, 2014, Magistrate Judge Shiva V. Hodges filed a report and recommendation ("R&R") suggesting that the action should be affirmed. The plaintiff filed objections to the R&R, and the defendant filed a Reply.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of

those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005).

## **Substantial Evidence to Support RFC Finding**

Plaintiff contends that substantial evidence does not support the RFC finding because "Mrs. Maner's complaints to both her general practitioner, Dr. Shealy, and to her neurologist, Dr. Brown, are consistent throughout the medical records." She also asserts that the ALJ "grossly overestimates Mrs. Maner's level of functioning and is quite selective in choosing those medical records to which significant weight was afforded." (ECF No. 24, p. 2) The Court disagrees. The ALJ first noted (in discussing the claimant's severe impairments) that a December 1995 MRI of the brain showed evidence of multiple sclerosis; that a test in April of 2004 revealed mild degenerative changes to the right shoulder; that in May of 2005, she was diagnosed with osteoarthritis of the right knee; that in April of 2007 she was diagnosed with peripheral dysesthesea syndrome; that June 2007 treatment notes showed that she was status post bilateral carpal tunnel resection; that a June 2008 x-ray of the left knee showed degenerative joint disease; and that in January 2009 she was diagnosed with multi-level degenerative

disc disease throughout the thoracic spine. He analyzed the medical evidence in determining the RFC as follows:

> The medical evidence of record reveals that while the claimant received treatment for her severe impairments since the alleged onset date through the date last insured, the claimant's symptoms are not as limiting as she alleged. In terms of the claimant's multiple sclerosis, an April 2007 MRI of the brain revealed changes of deep white matter and hyperintensities in the corpus callosum and pons. (Exhibit 3F). However, the claimant never received interferon or Copaxone therapy, which are remedies used for exacerbations of relapsing multiple sclerosis. The claimant never received such remedies because no new acute clinical events were ever observed over the 12 years since diagnosis in 1995. In March 2008, the claimant reported that she was doing well and had not experienced any relapsing or remitting deficits since taking Avonex in 2007. In April 2008, the claimant's multiple sclerosis was characterized as relapsing/remitting evidenced by stable interval MRI imaging. (Exhibit 5F)

(Tr. pp. 24-25)

The ALJ's findings are supported by a "New Patient Evaluation", dated April 26, 2007, by Dr. Susan Brown of Savannah Neurology. Dr. Brown indicates: "What is interesting is that she has never been placed on interferon or Copaxone therapy. This has been, for the most part, because no new clinical events have been observed." (Tr. P. 280) Dr. Brown ordered Avonex IM injections for the claimant at that time. This was several years after the alleged onset date. The substantial evidence of record, thoroughly discussed by the ALJ, supports his decision that the claimant could perform light work.

### **Credibility**

Plaintiff contends that the ALJ erred in finding that Mrs. Maner was not credible. Specifically, she contends that "SSR 96-7p requires a consideration of all of the evidence in the case record, including a good work record" and that Mrs. Maner worked as a teacher for the same employer from

7

1971 to 2004. The Magistrate Judge found that the claimant "fails to cite to any authority requiring that work history be considered in assessing credibility." Plaintiff is correct that SSR 96-7p includes "prior work record and efforts to work" in the evidence that should be considered in assessing a claimant's credibility. *See* SSR 96-7p, 1996 WL 374186 at *5. However, while a long work history may be a factor supporting credibility, it is not controlling. Under SSR 96-7p, a credibility assessment "must be based on consideration of all the evidence in the case record" which "includes, but is not limited to " a claimant's "prior work record and efforts to work." Here, the substantial evidence supports the findings by the ALJ regarding credibility. He cited numerous reasons for discounting the claimant's credibility. *See* Tr. 25-26. He also acknowledged the claimant's testimony that she continued to work after she was diagnosed with MS and that she worked as a substitute teacher after she retired. To the extent that the ALJ erred in failing to further discuss work history, any error was harmless. *See Jones v. Colvin*, No. 1:12-2894-TMC, 2013 WL 5883382 (D.S.C. October 30, 2013).

**Obesity**

Plaintiff asserts that the ALJ failed to apply SSR 02-01p in evaluating the severity of Mrs. Maner's extreme obesity and that the case should be remanded to develop the effect of this impairment. The Magistrate Judge found that "nowhere in the administrative record did the plaintiff allege that her obesity placed any limitations on her functional capacity." (ECF No. 20, p. 16) The Magistrate Judge also states that the Commissioner is to "consider only impairment(s) [a claimant] says [she has] or about which [the Commissioner] receive(s) evidence." *Id*, p. 17, citing 20 C.F.R. § 404.1512(a). She further cites *Russell v. Chater*, No. 94-2371, 1995 WL 417576, at *3 (4th Cir. July 7, 1995), noting that a claimant must explain the basis of a theory as to how obesity limits his functional capacity and that speculation is not permitted. The Court agrees with the Magistrate that the ALJ did not err in failing

8

to specifically consider the claimant's obesity. In addition, any error would be harmless as there is no record evidence of functional limitations from the obesity.

**Evidence Submitted to Appeals Council**

The plaintiff contends that the Appeals Council erred in failing to evaluate a letter opinion of Dr. Julia L. Mikell of Neurology Specialists of Savannah, P.C.,[3] (a neurologist who treated the plaintiff beginning October 19, 2009) dated August 1, 2012 as new and material evidence and that the Commissioner thereby failed to follow the treating physician rule.

The Appeals Council must consider additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Secretary, Dep't of Health and Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991). "Evidence is new within the meaning of this section if it is not duplicative or cumulative," and "[e]vidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins*, 953 F.2d at 95-96.

The Magistrate Judge examined the letter at pages 23-24 of her Report and found that, "[b]ecause Dr. Mikell did not begin treating Plaintiff until well after her date last insured . . . the opinion was not material evidence that must be considered by the Appeals Council." (ECF No. 20, p. 23, citing *Johnson v. Barnhart*, 434 F.3d 650, 655-56 (4th Cir. 2005)) The Magistrate Judge also finds that the opinion of Dr. Mikell should not be considered because it was only an opinion that Mrs. Maner was disabled, which was a decision for the Commissioner.

Assuming that the 2012 letter of Dr. Mikell relates to the period on or before August 27, 2010 (the date of the ALJ decision), it still does not meet the materiality standard. The Court agrees with the

---

[3] Both parties refer to this letter opinion rather than the medical records referenced by the Appeals Council.

9

Magistrate that the evidence was not material because it would not have changed the outcome of the case. Dr. Mikell did not begin treating the plaintiff until well after her date last insured. The medical records regarding the pertinent period are already contained in the record and were analyzed by the ALJ. The findings by the Commissioner are supported by the substantial evidence of record.

## Conclusion

For the foregoing reasons, all objections are overruled and the report and recommendation of the magistrate judge is incorporated herein by reference. The Commissioner's decision is affirmed.

**IT IS SO ORDERED**.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 17, 2014
Florence, South Carolina